FILED'09 JAN 07 12:30 USDC-ORP

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

BRANDON CARSON,                      CV. 07-1753-MA

        Petitioner,              OPINION AND ORDER

    v.

J.E. THOMAS, Warden, FCI
Sheridan,

        Respondent.


Alison M. Clark
Federal Public Defender's Office
101 S.W. Main Street, Suite 1700
Portland, Oregon 97204

    Attorney for Petitioner

Karin J. Immergut
United States Attorney
Suzanne A. Bratis
Assistant United States Attorney
1000 S.W. Third Avenue
Portland, Oregon 97204-2902

    Attorneys for Respondent

MARSH, Judge

    Petitioner, an inmate at FCI Sheridan, brings this habeas corpus proceeding pursuant to 28 U.S.C. § 2241. Currently before

1 -- OPINION AND ORDER

the court is respondent's motion to dismiss (#6). For the reasons set forth below, the motion is granted, and petitioner's petition for writ of habeas corpus (#2) is denied.

## BACKGROUND

On September 25, 2006, petitioner was sentenced in the U.S. District Court for the Eastern District of Washington to a 48-month term of incarceration. The judgment entered by the court provides that petitioner shall pay restitution in the amount of $154,344.48; that he shall participate in the Inmate Financial Responsibility Program (IFRP); and that he shall contribute 25% of his monthly earnings while he is incarcerated toward his restitution obligation.

On April 24, 2007, petitioner signed an Inmate Financial Plan, pursuant to the IFRP, agreeing to pay $100.00 per month toward his restitution obligation. Petitioner alleges that respondent's collection of restitution payments under the IFRP is unlawful because (1) his participation in the IFRP is involuntary because it is mandated by his judgment and was prompted by the adverse consequences of IFRP non-compliance (see 28 C.F.R. § 545.11); and (2) is unlawful under United States v. Gunning, 401 F.3d 1145 (9th Cir. 2005), because it exceeds the restitution payment schedule set by the sentencing judge. Petitioner seeks an order requiring respondent to cease all collection activity, to identify petitioner as "IFRP-Exempt", and to restore petitioner to the position he

2 -- OPINION AND ORDER

would have been in but for the wrongful actions of the Bureau of Prisons (BOP).

## DISCUSSION

The resolution of this case is controlled by the Ninth Circuit's recent decision in United States v. Lemoine, 546 F.3d 1042 (9th Cir. 2008). In Lemoine, the court held that the BOP may impose a restitution payment schedule at a higher or faster rate than specified in a judgment if the inmate voluntarily agrees to a different restitution payment schedule under the IFRP. In so holding, the court rejected the petitioner's argument that the IFRP is not a voluntary program because an inmate's noncompliance results in adverse consequences. "The use of incentives to encourage compliance in a rehabilitative program", explained the court, "does not render it unconstitutional or unlawful." Lemoine, 546 F.3d at 1049.

Like Lemoine, petitioner entered into an IFRP agreement requiring a $100.00 monthly payment toward petitioner's restitution obligation. Although petitioner did so to avoid the adverse consequences of IFRP non-compliance, this fact does not render his IFRP agreement involuntary or unlawful. Id. Moreover, the record is devoid of any evidence to support petitioner's assertion that respondent required petitioner to participate in the IFRP due to a specific mandate to do so in petitioner's judgment. Rather, the evidence before the court is that petitioner entered into an IFRP

3 -- OPINION AND ORDER

agreement to avoid the adverse consequences of IFRP non-compliance. See Resp. Exh. 1 (Petitioner's Inmate Financial Plan). Accordingly, petitioner has failed to demonstrate that his IFRP agreement, and the BOP's collection of restitution thereunder, is unlawful.

## CONCLUSION

Based on the foregoing, respondent's motion to dismiss (#6) is GRANTED, petitioner's petition for writ of habeas corpus (#2) is DENIED, and this proceeding is DISMISSED, with prejudice. Petitioner's alternative motion to stay this proceeding pending the decision in Lemoine v. Daniels (#19) is DENIED AS MOOT.

IT IS SO ORDERED.

DATED this 7 day of January, 2009.

*Malcolm F. Marsh*
Malcolm F. Marsh
United States District Judge

4 -- OPINION AND ORDER